1UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 30, 2012

Frederick A. Raab, Esq.
Mignini & Raab, LLP
606 Baltimore Avenue, Ste. 100
Towson, MD  21211

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Bradley L. Thomas v. Michael J. Astrue, Commissioner of Social Security, PWG-09-2497**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Thomas' claim for Disability Insurance Benefits("DIB"). (ECF Nos. 8, 13, 29). The Plaintiff also filed a response to Defendant's Motion (ECF No. 31).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Mr. Bradley Thomas (sometimes referred to as "Plaintiff" or "Claimant") applied for DIB on September 2, 2005, alleging that he was disabled as of July 30, 2005, due to degenerative joint and disc disease, rheumatoid arthritis, and back and leg pain. (Tr. 92, 214). His claim was denied initially, and upon reconsideration. (Tr. 25-26).  A hearing was held on July 31, 2008, before Administrative Law Judge Theodore Burock ("ALJ"). At the hearing the ALJ determined that the medical file was not complete and ordered a consultative medical exam and testing for Claimant. (Tr. 369).  The ALJ then scheduled a supplemental

hearing on December 9, 2008, after which Mr. Thomas' claim was denied in a decision dated December 19, 2008. (Tr. 371-386).

The ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since the date of his application. The ALJ next determined that Claimant had the medically determinable severe impairments of chronic obstructive pulmonary disorder ("COPD") and a back impairment. Claimant also alleged that he suffered from intestinal problems, knee problems, anxiety problems, vertigo and rheumatoid arthritis. However, the ALJ found that these conditions were either not medically determinable impairments, or that they were impairments which did not significantly limit his ability to perform basic work activity and therefore were not "severe" impairments as that term is defined in the Regulations. (Tr. 18-19). Next, the ALJ concluded that Mr. Thomas retained the residual functional capacity ("RFC") to perform less than a full range of light work[1]. Although the ALJ found Mr. Thomas was precluded from performing any of his past relevant work ("PRW"), after receiving testimony from a vocational expert ("VE") the ALJ found there were jobs in the national economy that Claimant could perform, and accordingly, that he was not disabled.(Tr. 20-21). On September 13, 2009, the Appeals Council denied Mr. Thomas' request for review, making his case ready for judicial review. (Tr. 3-6).

Claimant raises a number of arguments in support of his contention that the Commissioner's final decision should be reversed or, in the alternative, remanded. The undersigned has considered all of the arguments and for the reasons that follow, GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Claimant's primary contention is that the ALJ improperly rejected the opinions of his treating physician, Dr. Mrowiec and failed to properly consider the effects of all his allegedly "severe" impairments.

---

[1] The ALJ found that Mr. Thomas could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl but he could never climb ladders, ropes, or scaffolding. He had to avoid all exposure to heights and hazards such as dangerous machinery, and avoid concentrated exposure to extreme cold and heat, humidity, dust, fumes, gases and poor ventilation. (Tr. 20).

To be "severe", an impairment must significantly limit one's ability to do basic work activities. 20 C.F.R. §404.1521(a). An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the his or her ability to work, irrespective of age, education, or work experience. *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). In this case, as explained below, I find that Claimant failed to meet his burden.

With respect to Claimant's treating physician's report, Dr. Andrew Mrowiec stated on November 8, 2005, that Mr. Thomas could: carry and lift 25 pounds frequently; occasionally be exposed to extreme cold and heat, chemicals, humidity, dust, and heights; but could never climb, carry, bend, squat or crawl; and could sit and stand for only 2 hours in an 8 hour day. Notwithstanding this report the ALJ determined that it was not entitled to controlling weight. In doing so the ALJ adequately explained why he was according this report little weight. (Tr. 21-22, 249-252).

A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig* v. *Chater* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §416.927(d)(2). While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record. In this case, I find that the ALJ fulfilled this duty. Contrary to Claimant's argument, the ALJ adequately discussed Dr. Mrowiec's opinions in his decision.(Tr. 22). For example, the ALJ specifically addressed Dr. Mrowiec's opinions and in rejecting them, noted the doctor's own inconsistent findings that claimant could lift 25 pounds in one section of his report but then in another section stated that Mr. Thomas was not able to lift or carry any weight.

I also find despite Claimant's allegations to the contrary, the ALJ adequately developed the record and provided a full and fair hearing in this case. The ALJ called upon a medical expert, Dr. Brendemeuhl, to testify at the hearing. In fact since Mr. Thomas alleged impairments that were medically undocuemented,

the ALJ continued Mr. Thomas' initial hearing and sent him for the consultative medical examination with Dr. Linda Freilich.(Tr. 369-370). While the ALJ ultimately gave no weight to Dr. Freilich's Medical Assessment of Ability to Perform Work Related Activities, because Dr. Freilich failed to complete this document herself, the ALJ did afford some weight to her other opinions including her finding that due to his COPD, Mr. Thomas was not able to walk long distances. (Tr. 22).  After review of the entire record I find the ALJ's decision is supported by substantial evidence.

Claimant also argues that the ALJ failed to consider properly his alleged chronic fatigue syndrome ("CFS") pursuant to Social Security Ruling ("SSR") 99-2p.  However the ALJ did not simply ignore Mr. Thomas' complaints of fatigue. The ALJ noted, as with other impairments alleged by the Claimant, that he has never been diagnosed with CFS or rheumatoid arthritis. More importantly, the ALJ considered his complaints of fatigue and concluded that many of his alleged ailments were never diagnosed by a medical professional. (Tr. 19-20). Contrary to Claimant's assertion, I find that the ALJ's discussion and his subsequent findings regarding Claimant's symptoms is sufficient and in accordance with the applicable rules and regulations.  In sum, all of this evidence was properly considered by the ALJ and I find the ALJ's findings are explained adequately and are supported by substantial evidence.

Thus, for the reasons given, this Court DENIES Mr. Thomas' Motion and GRANTS the Commissioner's Motion for Summary Judgment.  A separate Order shall issue.

                                Sincerely,

                                /s/
                              Paul W. Grimm
                              United States Magistrate Judge